# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| GREG COLLINS, JUDY FLEMING, JULIAN GLEN COOK, DARLENE RANSOM, SAUNDRA KAY MCKEOWN f/k/a SAUNDRA KAY HICKS, KIM WALSTON, and KIM O'BRIEN on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>TREASURE BAY L.L.C., and DOES 1-25<br><br>   Defendants. | Civil Action No.: 1:19-cv-51-LG-RHW<br><br>COMPLAINT<br>AND DEMAND FOR JURY TRIAL |

Greg Collins, Judy Fleming, Julian Glen Cook, Darlene Ransom, Saundra McKeown, Kim Walston, and Kim O'Brien, ("Plaintiffs"), on behalf of themselves and those similarly situated, by and through their undersigned attorneys, hereby make the following allegations against Defendant Treasure Bay L.L.C., and DOES 1 through 25 ("Defendant") concerning its acts and status upon actual knowledge and concerning all other matters upon information, belief, and the investigation of their counsel:

## NATURE OF ACTION

1.  Defendant Treasure Bay L.L.C. has engaged in a pattern and practice of improperly rounding down time worked by nonexempt employees and failing to properly compensate them for all overtime worked and tips earned. Plaintiffs bring this action under the FLSA and Fed. R. Civ. P. 23 on behalf of all persons who worked for Defendant as nonexempt

1

or hourly-paid employees at any time during the period from ten years prior to filing of the complaint to the present.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because this civil action arises under federal law of the United States, 29 U.S.C. § 201 *et seq*.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional norms of fair play and substantial justice.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in Biloxi, Mississippi, and the events giving rise to Plaintiffs' claims occurred in Biloxi, Mississippi.

## PARTIES

5. Plaintiff Greg Collins is an adult individual residing at 357 Franks Drive, Biloxi, Mississippi 39531. Plaintiff Greg Collins was employed by Defendant as a dealer from approximately December 2008 to approximately September 5, 2017.

6. Plaintiff Judy Fleming is an adult individual residing at 313 Darby Street, Gulfport, Mississippi 39503. Plaintiff Judy Fleming was employed by Defendant as a dealer from approximately July 2008 to approximately April 25, 2016.

7. Plaintiff, Julian Glen Cook is an adult individual residing at 17011 Washingtonia Lane, D'Iberville, Mississippi 39534. Plaintiff Julian Glen Cook has been employed by Defendant as a dealer from approximately February 2017 to approximately June, 2018.

8. Plaintiff Darlene Ransom is an adult individual residing at 4306 11 Street, Apartment #4, Gulfport, Mississippi 39501. Plaintiff, Darlene Ransom was employed by Defendant as a dealer from approximately August 8, 2015 until approximately August, 2017.

9. Plaintiff Saundra Kay McKeown f/k/a Saundra Kay Hicks is an adult individual residing at 1102 Pine Street, Gulfport, Mississippi 39507. Plaintiff Saundra McKeown was employed by Defendant as a dealer from approximately June 2012 to approximately June 2017.

10. Plaintiff Kim Walston is an adult individual residing at 1317 May Street, Ocean Springs, Mississippi 39564. Plaintiff Kim Walston was been employed by Defendant as a dealer from approximately July 24, 2004 to approximately March 2017.

11. Plaintiff Kim O'Brien is an adult individual residing at 315 Baltic Street, Waveland, Mississippi 39576. Plaintiff Kim O'Brien was been employed by Defendant as a dealer from approximately November 2011 to approximately July 1, 2015

12. Defendant Treasure Bay L.L.C. is a limited liability company formed in the State of Mississippi with its principal place of business at 1980 Beach Blvd., Biloxi, Mississippi 39531. Defendant Treasure Bay L.L.C. owns and operates Treasure Bay Casino and Hotel at 1980 Beach Blvd., Biloxi, Mississippi 39531.

13. Defendants DOES 1 through 25 are presently unknown persons and/or entities who had control over the wages, hours, and payroll of Plaintiffs and similarly situated individuals.

14. At all times relevant herein, Defendants acted by and through their agents and employees, each of whom acted in the course and scope of their employment with Defendants.

**FACTUAL ALLEGATIONS**

A. **Defendant's Unlawful Rounding Policy**

15. Defendant utilizes KRONOS, a computerized system that tracks the time employees', including table games crew members, clock in and out of work.

16. Even though Defendant maintains a system which records, to the minute, the time an employee clocks in and clocks out, until April 2017 Defendant utilized a rounding system in computing payroll that rounds to 30-minute intervals for each day.

17. For example, where an employee clocks in at 3:41 p.m. and clocks out at 11:55 p.m., recording an actual total or 8 hours and 14 minutes worked, Defendant rounds the time worked to 8 hours, shorting the employee of 14-minutes of pay.

18. Viewed in a vacuum, the rounding system utilized by Defendant does not appear to favor either Defendant or its employees. However, Defendant requires Plaintiffs and members of the Class to clock in at 45-minutes past the hour, and to clock out prior to 53-minutes past the hour.

19. As a result of this policy, and the discipline that results when it is not followed, nonexempt or hourly-paid employees rarely record hours which would result in their time worked being rounded up.

20. Accordingly, Defendant receives an unfair benefit in that, most of the time, its rounding policy causes Plaintiffs and other nonexempt or hourly-paid employees to be paid for less time than they actually worked.

21. Defendant has no good faith basis to use such a inequitable rounding system as their time clocks record the actual times that employees' clock in and clock out each day.

22. As Plaintiffs and other nonexempt or hourly-paid employees routinely work overtime, this unpaid time has resulted in Plaintiffs and other nonexempt or hourly-paid employees being denied proper overtime pay.

23. Plaintiffs and other nonexempt or hourly paid employees have not been compensated for all overtime worked at 1.5 times their regular rate of pay.

### B. Improper Compensation for Training

24. During the covered period, Plaintiffs and other nonexempt or hourly-paid employees were required to attend trainings for which they were not compensated.

25. This unpaid time has resulted in Plaintiffs and other nonexempt or hourly-paid employees being denied proper overtime pay.

### C. Improper Withholding of Tokes

26. During the covered period Plaintiffs and other nonexempt or hourly-paid employees were compensated, in part, by tips provided by customers, known in the industry as "tokes."

27. During the covered period, tokes were collected by Defendant and redistributed amongst Plaintiffs and other nonexempt or hourly-paid employees.

28. Upon information and belief, Defendant has a policy and practice of withholding and improperly distributing tokes earned by Plaintiffs and other nonexempt or hourly-paid employees.

29. Unlike as is customary within the industry, during portions of the covered period Defendant has not had a toke committee to oversee distribution of the tokes.

30. Unlike as is common in the industry, during the covered period, Defendant has failed and refused to provide an accounting of the tokes earned and distributed to Plaintiffs and other nonexempt or hourly-paid employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all persons who worked for Defendant as nonexempt or hourly-paid table games employees at any time during the period from three years prior to filing of the complaint to the present ("the Collective").

32. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

33. Plaintiffs and the Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked for Defendant as nonexempt or hourly-paid employees, and were subjected to Defendant's policy and practice of rounding down time worked and failing to compensate for all overtime. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant's common compensation policies and common practices used to manage nonexempt employees.

34. During all relevant times relevant, Plaintiffs and members of the Collective were subject to an unlawful compensation system put in place by Defendant.

35. Specifically, Defendant engaged in a rounding policy whereby it rounded time worked to the nearest half-hour, resulting in regular cuts to Plaintiffs' and members of the Collective's pay. Additionally, this policy resulted in Plaintiffs and members of the Collective working hours over 40 per workweek that were not compensated at 1.5 times their regular rate of pay.

36. During all times relevant herein, Defendant has employed Plaintiffs and Collective members in nonexempt positions including but not limited to dealers, and floor supervisors.

37. Plaintiffs and members of the Collective are similarly situated. During the relevant time period, they have been paid under similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

38. Plaintiffs and members of the Collective are estimated to number in the hundreds. These numerous similarly situated current and former nonexempt or hourly-paid employees of Defendant have been improperly compensated under the FLSA and would benefit from notice of the present suit and the opportunity to join.

39. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. The similarly situated employees may be readily notified of this action pursuant to U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for minimum wage, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

40. Therefore, Plaintiffs should be permitted to bring this action as a collective action on behalf of themselves and all other individuals similarly situated pursuant to the "opt-in" provisions of the FLSA.

## CLASS ALLEGATIONS

41. Plaintiffs also bring this action for themselves, individually, and on behalf of the Class pursuant to Fed. R. Civ. P. 23. The "Class" is defined as follows:

  **a.** all persons who worked for Defendant as nonexempt or hourly-paid dealers at any time during the period from ten years prior to filing of the complaint to the present

42. Excluded from the Class are: (a) any judge or magistrate presiding over this action and members of their families; (b) any Defendant and/or Third Party Defendant and any entity in which any Defendant and/or Third-Party Defendant has a controlling interest or which has a controlling interest in Defendant and/or Third-Party Defendant and its legal representatives, assigns, and successors; and (c) all persons who properly execute and file a timely request for exclusion.

43. Numerosity: Upon information and belief, the Class currently includes hundreds of Defendant's employees. Joinder of all members is impractical. Moreover, the Class is composed of an easily ascertainable set of individuals who worked for Defendant within the last ten years. Upon information and belief, Defendant's records contain information on the identities and locations of all Class members.

44. Commonality: Common questions of law and fact pertain to the Class, including:

  a. <u>Whether Defendant had a policy and practice of improperly calculating tokes for Class members;</u>

  b. Whether Defendant had a policy or practice of improperly withholding tokes from Class members.

45. Typicality: Plaintiffs' claims are typical of the claims of the members of the Class because, inter alia, Plaintiffs held similar titles, were classified as hourly, nonexempt employees, and performed the same job duties as members of the Class.

46. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent counsel experienced in class litigation and has no conflict of interest with other Class members in the maintenance of this class action. Plaintiffs' interests are antagonistic to the interests of Defendant, and Plaintiffs will vigorously pursue the claims of the Class.

47. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class members is impracticable. Upon information and belief, this is the first complaint filed by Class members against Defendant for claims alleged herein. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits, burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, where inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. Because the damages suffered by each Class member are relatively small compared to the expense and burden of prosecuting this compelling case against a well-financed, multimillion-dollar corporation, individual Class members have little interest in prosecuting their individual claims.

48. Predominance: Questions of law and fact common to Class Members predominate over questions affecting only individual members.

## COUNT I

## **Violation of the Fair Labor Standards Act ("FLSA")**

## **Failure to Pay Overtime Wages**

49. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

50. At all times relevant herein, Defendant was and continues to be an "employer" of Plaintiffs and members of the Collective within the meaning of the FLSA.

51. At all times relevant herein, Plaintiffs and members of the Collective were/are "employees" within the meaning of the FLSA.

52. At all times relevant herein, Defendant, as well as Plaintiffs and members of the Collective have been engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

53. Section 207 of the FLSA, 29 U.S.C. §207, requires employers to compensate employees at a rate not less than 1.5 times their regular rate of pay for all hours worked over 40 hours per workweek.

54. Defendant has violated the FLSA by failing to pay overtime rates in accordance with the applicable Federal Minimum Wage rate.

55. Defendant has violated the FLSA by willfully failing to compensate Plaintiffs and members of the Collective for overtime worked, including but not limited to: (1) unlawfully docking Plaintiffs' and members of the Collective's overtime pay by using an improper scheme of rounding, which consistently and substantially benefits Defendant; (2) failing to compensate Plaintiffs and members of the Collective for all time worked during mandatory training.

56. Defendant knew or should have known that its failure to compensate Plaintiffs and members of the Collective for all overtime worked was in violation of the FLSA.

57. Defendant's failure to compensate Plaintiffs and members of the Collective for all overtime worked at the applicable overtime rate was willful and was not based on any reasonable interpretation of law.

58. As a result of Defendant's unlawful conduct, Plaintiffs and members of the Collective have suffered damages as set forth herein.

## COUNT TWO

### Unjust Enrichment

59. By reference, each of the preceding paragraphs are adopted and made part of this section as if fully incorporated herein.

60. Defendant has been unjustly enriched by their wrongful actions described herein, at the expense of Plaintiffs and Class members.

61. The Plaintiffs and Class members are therefore entitled to recover from the Defendant under the equitable theory of Unjust Enrichment.

## COUNT THREE

### Constructive Trust

62. Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs and incorporates them by reference.

63. Plaintiffs and Class members are entitled to a constructive trust for funds and monies wrongfully retained and converted by Defendant.

64. Based upon information and belief the Defendant has used the monies wrongfully withheld from the Plaintiffs and Class members.

65. The Plaintiffs and Class members are entitled to a constructive trust due to the Defendant's abuse of confidence, unconscionable conduct, artifice, and concealment.

66. The Plaintiffs and Class members, in order to prevent unjust enrichment and under principles of justice and fairness, are entitled an equitable constructive trust entitling the Plaintiffs and Class members not only to the monies due and owing but also recovery of all monies earned by the Defendant as a result of its illegal retention and use of Plaintiffs and Class members' monies.

## JURY DEMAND

67. Plaintiffs hereby demand a trial by jury in the above captioned matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and collective members, respectfully seeks the following relief:

a. Judgment against Defendant;

b. All unpaid overtime wages;

c. Liquidated damages;

d. Disgorgement of funds unjustly obtained;

e. Constructive Trust;

f. Litigation costs, expenses, and attorneys' fees; and

g. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: February 18, 2019

*/s/ Matthew G. Mestayer*
Matthew Mestayer, Esq. (MSB #9646)
James R. Reeves, Esq. (MSB #9519)
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS  39530
Telephone:  228-374-5151
Facsimile:  228-374-6630
mgm@rmlawcall.com
jrr@rmlawcall.com